945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
Robert CORBIN, Arizona Attorney General, Samuel Lewis,
Officer Lowery, Officer Striker, Defendants-Appellees.
 No. 90-15894.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against various Arizona state prison officials. He contends that the district court improperly dismissed the Arizona Attorney General as a defendant, and that the district court erred by dismissing his action pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases, where the petitioner is pro se, the court has an obligation to construe the pleadings liberally and to afford the petitioner any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985).
 
 Dismissal of Attorney General
 
 4
 A public official who performs functions analogous to a prosecutor, such as the state Attorney General, enjoys prosecutorial immunity. Schlegel v. Bebout, 841 F.2d 937, 942 (9th Cir.1988). Absolute immunity attaches if the official's challenged conduct is within his or her scope of authority and "quasi-judicial" in nature. Id. at 943. Generally, "when a prosecutor decides to litigate, interviews witnesses, and gathers evidence, he or she is engaging in conduct that relates to the preparation of his or her case. This activity enjoys absolute immunity." Id. at 943-944.
 
 
 5
 Here, St. Hilaire sent a letter to Robert Corbin, the Arizona Attorney General, describing the events underlying this civil rights action. St. Hilaire requested Corbin to "investigate the matter and take appropriate legal action." Pro Se Complaint at 8, p 23. St. Hilaire did not receive a response from Corbin. He contends that because Corbin failed to "discharge his duties" as Attorney General, Corbin is not immune from suit.
 
 
 6
 Nevertheless, Corbin's decision not to proceed with formal legal action in response to St. Hilaire's letter was well within his official authority as chief legal officer of Arizona. See Schlegel, 841 F.2d at 943; Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 679 (9th Cir.1984). Therefore, Corbin's decision not to act pursuant to St. Hilaire's letter is entitled to absolute immunity and the district court did not err by dismissing him as a defendant. See Ybarra, 723 F.2d at 680.
 
 Failure to State a Claim
 
 7
 The Extradition Clause of the United States Constitution provides:
 
 
 8
 "[A] person charged in any State with Treason, Felony or other Crime, who shall flee from Justice, and be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."
 
 
 9
 U.S. Const.Art. IV, section 2, cl. 2. The Extradition Clause and its implementing statute, 18 U.S.C. § 3182, are intended "to preclude any state from becoming a sanctuary for fugitives from justice of another state." Michigan v. Doran, 439 U.S. 282, 287 (1978). Section 3182 sets forth the procedure controlling extradition of a "fugitive from justice." These procedures include "safeguards that serve as 'a means of ascertaining whether the evidence is sufficient to detain and deliver the accused for trial in another state.' " Draper v. Coombs, 792 F.2d 915, 920 (9th Cir.1986). The failure to comply with section 3182 may form the basis for an action pursuant to section 1983. See id.
 
 
 10
 Here, St. Hilaire and other Arizona state prisoners were transferred from the Douglas prison complex to the Yuma prison facility, located near the California and Arizona state borderline. The driver of the van containing the prisoners lost her way and inadvertently entered California before realizing her mistake. The driver turned around, reentered Arizona and shortly thereafter arrived at her designated destination. During this detour, St. Hilaire did not exit the van.
 
 
 11
 St. Hilaire contends that once the van entered California, he and his companions were not "in the lawful custody of the ADOC and were in legal fact escapees who were entitled to extradition proceedings in California." Appellant's Opening Brief at 4. St. Hilaire's contention is meritless because he never left the van, or fled from his custodians. St. Hilaire simply was not a "fugitive" or "escapee" subject to extradition proceedings. Cf. Draper, 792 F.2d at 920 (section 3182 extradition safeguards implicated when defendant, fleeing a Washington state police officer, entered and was finally arrested in Oregon state). Furthermore, St. Hilaire was a convicted felon in Arizona and not an accused offender facing criminal charges. See, e.g., id. (extradition proceedings intended to bring accused offenders to trial in the state where the alleged offense was committed).
 
 
 12
 St. Hilaire failed to state a claim for relief because he was never entitled to extradition proceedings. Therefore, the district court correctly dismissed St. Hilaire's action.[1]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 St. Hilaire raises a number of additional claims that were dependent on the viability of his extradition claim. He maintained that, absent an extradition hearing, his custodial return to Arizona prison placed him in a condition of peonage. In addition, St. Hilaire argued that he was deprived of his property when the van transporting St. Hilaire's possessions crossed the state border into California. Lastly, St. Hilaire contended that the Director of the Arizona Department of Corrections, Samuel Lewis, neglected his duties by failing to promulgate regulations controlling the present circumstances. Because we conclude that, under these circumstances, St. Hilaire was not entitled to extradition proceedings, we need not address these issues